NEW YORK TRAP ROCK CORPORATION
v. PALMER et al.

The HENRY C. LANG.

The NEW ROCHELLE.
No. 18124.

United States District Court
E. D. New York.

May 22, 1950.

Hagen & Eidenbach, New York City, for libelant, Nelson J. Johnson, New York City, advocate.

Edward R. Brumley, New York City, for respondent, New York, New Haven & Hartford R. Co., R. M. Peet, New York City, advocate.

Macklin, Speer, Hanan & McKernan, New York City, for Red Star Towing & Transp. Co., Leo F. Hanan, New York City, advocate.

INCH, Chief Judge.

This is an action by the New York Trap Rock Corporation, as owner of the scow Henry C. Lang (hereinafter called the Lang), against the Trustees of the New York, New Haven & Hartford Railroad Company, for damage to the scow as the result of a collision with the New Haven lighter No. 128 in the North River, on June 11, 1946. The Railroad Company answered the libel and filed a petition impleading the tug New Rochelle, which had the Lang in tow. The position of the Railroad Company is that there was in fact no collision, and, if there was, it was the fault of the tug New Rochelle.

From the credible evidence, I find that the following occurred: on the afternoon of June 11, 1946, the tug New Rochelle was towing two light scows, tandem fashion, up the North River bound for the Cornell stakeboat. The weather was clear and the tide ebbing. The towing hauser from the tug to the first scow, the Lanigan, was approximately 100 feet long, and the Lang was "close-up" behind the Lanigan, the bows of all three vessels pointing up-river.

As the tow was passing in the vicinity of Pier 3, North River, the New Haven tug Transfer 7, with the New Haven lighter 128 on her port side, and having another lighter in tow, backed out from the vicinity of the slip between Pier 2 and Pier 3. Because of the ebb tide the stern of the Transfer 7 angled downstream, so that the outside corner of the 128 opposite the tug's stern, came close to the Lang which was then being towed past that point at between 400 to 600 feet off the ends of the Manhattan piers. The bargee of the Lang shouted to the captain of the tug Transfer 7 to "Go ahead. You are going to hit me", but the tug failed to go ahead in time to avoid the collision, and the corner of the 128 struck the starboard side aft of the Lang, causing the damage claimed.

The credible evidence establishes that the Transfer 7 was clearly at fault in backing out into the River at an excessive rate of speed, and in failing to have a proper stern lookout.

I do not find that the New Rochelle, which had the Lang in tow, was in any way at fault. Its captain, who appears to have been alert at all times, kept his tow a safe distance off the pier ends, and when the collision appeared imminent, he turned his tug in toward the piers so that the Lang at the end of his tow would swing further out into the River away from the New Haven tug and lighters.

Libelant, New York Trap Rock Corporation, is entitled to an interlocutory decree for its damages against the Trustees of the New York, New Haven & Hartford Railroad Company, and the libel and petition should be dismissed as against the tug New Rochelle.

Submit proposed findings of fact and conclusions of law in accordance herewith. Settle the usual decree on notice.